UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLEN ROTHMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICE ENVIRONMENTS OF )<br>NEW ENGLAND HEALTH AND )<br>WELFARE BENEFIT PLAN, ET AL, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>09-11473-NMG |

ORDER ON MOTION TO COMPEL

SOROKIN, MJ                                                                                             DECEMBER 27, 2010

The Plaintiff has moved to compel "limited" discovery regarding the structural conflict arising from Prudential's role as the administrator and insurer of the ERISA benefit plan, as well as limited discovery regarding the decision to grant short-term disability benefits, but to deny long-term disability benefits, on purportedly a virtually identical medical record and legal standard. Under the Supreme Court's decision in Metropolitan Life Insurance v. Glenn, 554 U.S. 105 (2008), and the First Circuit's decision in Denmark v. Liberty Life Assurance Co., 566 F.3d 1 (1st Cir. 2009), discovery in ERISA cases should be "[t]argeted" to the conflict issue(s). Denmark, 566 F.3d at 10. The Plaintiff has not outlined any such focused discovery, despite the request for only "limited" discovery; in fact, the papers do not explain the particular discovery she seeks, or even the general scope of the discovery sought (beyond the noted general description of the two topics of discovery). The Parties have not informed the Court whether the administrative record contains documents regarding steps taken by Prudential to reduce bias and,

1

finally, the Plaintiff has not articulated how the specific discovery she seeks may show an "improper extraneous influence on the administrator's decision making."  Monast v. Johnson & Johnson, 2009 WL 2973309 (D.Mass.2009); see also McGahey v. Harvard University Flexible Benefits Plan, 685 F.Supp.2d 168 (D.Mass.2009)(noting prior order allowing discovery regarding the independence of certain medical examiners); Weed v. Prudential Ins. Co., 2009 WL 2835207 (D.Mass.2009)(allowing some targeted discovery concerning the relationship between the insurer and the evaluating physicians and the preexisting condition limitation).  Accordingly, the Motion for Discovery (docket #16 ) is DENIED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE